Schoolfield *v.* Schoolfield, Hanauer & Co.

(*Jackson.* June 14, 1899.)

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. Lee Thornton, Ch.

F. T. Edmondson for Schoolfield.

Metcalf & Metcalf and F. P. Poston for Schoolfield, Hanauer & Co.

AND

Bank *v.* Hodgson.

(*Jackson.* June 14, 1899.)

Appeal from Chancery Court of Shelby County. John L. T. Sneed, Ch.

F. T. Edmondson for Bank.

C. W. Metcalf, Henry Craft, Carroll & McKellar, and Turley & Wright for Hodgson.

Schoolfield *v.* Schoolfield, Hanauer & Co. and Bank *v.* Hodgson.

TAXATION. *Of funds held by Clerk and Master.*

Funds arising from the sale of an insolvent's property, and held temporarily by a Clerk and Master, in his official capacity, for distribution among creditors, are not subject to taxation under the clause of the General Assessment Acts of 1895 and 1897, requiring Clerks of Courts, and other fiduciaries, to "make return of the property, money, credits, and other effects held or controlled by them, . . . . separate from their individual returns," and providing the same "shall be listed separately for taxation."

Acts construed: Acts 1895, Ch. 120, § 43; Acts 1897, Ch. 1, § 35.

McALISTER, J. The question presented for our determination in these consolidated causes is in respect of the taxability of funds in the hands of the Clerk and Master of the Chancery Court.

The question was raised by petition filed in each of said causes on behalf of the city of Memphis asking the payment of city taxes on funds held by the Clerk and Master · and receiver. The right to collect said taxes is claimed to be derived from Chap. 120, Sec. 43, Acts 1895, and Chap. 1, Sec. 35, Acts 1897, which are identical, as follows:

"That persons acting as executors, administrators, guardians, agents or attorneys, clerks of any Court, or in any fiduciary capacity whatever, shall make a return of the property, moneys, credits, and effects held or controlled by them in either of said capacities, separate from their individual returns, and the same shall be listed separately for taxation; provided, that every such trust estate shall be entitled to the same exemption as if owned by a single taxpayer."

The first entitled cause was a general creditors' bill to wind up the Schoolfield, Hanauer Company as an insolvent corporation. R. H. Beard, Clerk and Master, was appointed receiver in said cause. The assets consisted of groceries, merchandise, book accounts, lands, and mortgages. A fund had accumulated in the hands of the receiver, arising from the sale of these assets and collection of accounts. The first distribution was made in July, 1897. On the 28th of March, 1899, the city of Memphis intervened in said cause by petition, claiming taxes due on said funds for the year 1897 in the sum of $1,596.39; for the year 1898, $1,267.77; and for the year 1899 the sum of $112, with interest and a commission of ten per cent. to the tax attorney.

It was agreed that assessments of these funds had been regularly made by the assessor, said funds having been reported by R. H. Beard, Clerk and Master, and receiver in said cause.

Petition was filed against R. H. Beard, Clerk and Master and receiver, setting up a lien against the fund in his hands in said capacity, praying the Court that he be instructed to pay the same out of the funds now in his possession, and, if necessary, that proper orders be entered in said cause, requiring the payment of said taxes by an order or decree against the parties who had drawn said funds from the Court, and under

orders of the Court, should the remaining fund on hand be sufficient to pay said taxes.

To this petition R. II. Beard made answer that he was ready to pay said tax claim of petitioners, but that it was insisted by the creditors that said fund was not liable therefor; he therefore submitted the question of liability to the Court for determination, relying upon the following defense in behalf of the creditors as to the nonliability of said fund:

*First.*—That there were nine creditors whose claims exceeded $1,000 each, and that each one was entitled to $1,000 exemption.

*Second.*—That there were seventy-five creditors whose claims did not amount to $1,000, and that the same were not, therefore, subject to taxation.

*Third.*—That the fund, owing to the nonresident creditors, fifteen in number, and amounting to $5,934.23, was not subject to taxation.

*Fourth.*—As to the amount of $15,452.31 paid to banks and insurance companies, it was insisted, under the Acts of April 30, 1897, Sec. 81, Chap. 1, that the same was not subject to taxation.

*Fifth.*—That the Act of the Legislature referred to was inapplicable to the case at bar, said act applying only to cases which are ended and wherein there remain funds in the hands of the Clerk and Master, or to cases wherein the funds

are trust funds under the management and control of the Court.

The sixth defense was abandoned in the Court below.

*Seventh.*—The said Acts were void because they undertook to tax funds *in custodia legis.*

*Eighth.*—That the Act was not intended to tax funds in the hands ·of the Clerk and Master, but only to require him to report the funds on hand, that they might be taxed against and in the name of the owner.

The Chancellor being of the opinion that said funds were not subject to taxation under the assessment law, Sec. 43, Chap. 120, Acts of 1895, and Sec. 35, Chap. 1, Acts of 1897, as herein set forth, it was accordingly ordered and decreed that said petition be, and the same was, dismissed at the cost of petitioners. From the decree of the Chancellor dismissing petition petitioners prayed and perfected an appeal to this Court.

The following errors were assigned, viz.:

"(1) The Court was in error in adjudging and decreeing that the funds in the hands of the Clerk and Master, and receiver in this cause, were not subject to taxation, and in accordance therewith dismissing petitioners' petition. But the Court should have held that said fund was liable to taxation under the Acts of the Legislature of Tennessee, 1895, Chap. 120, Sec. 43, and the Acts of 1897, Chap. 1, Sec. 35.

The other cause of *Union and Planters' Bank* v. *Hodgson et al.* was a bill to administer the estate of Enoch Ensley as an insolvent estate in equity. The fund in Court was for the most part the proceeds of lands sold lying outside of the city of Memphis belonging to the estate of Ensley. A small portion of the fund was derived from the sale of lots in the city. Final decrees have been entered in the cause and the fund simply awaits distribution. The amount of claims against the estate largely exceed the funds now in the hands of the Clerk and Master. A petition was also filed in this cause on behalf of the city asking payment of city taxes out of said funds.

The Chancellor who heard this petition reached a different conclusion from that announced in the other cause and adjudged said fund liable for the payment of said taxes.

The Clerk and Master appealed from this decree and assigned errors as follows:

*First.*—The Court erred in holding that the funds in the hands of the Clerk and Master in this cause were subject to taxation, and in decreeing payment thereof to be made by the Clerk, instead of holding that no funds in his hands are subject to taxation, except such as are in the nature of permanent or trust funds, held, managed, and controlled under the direction of the Court.

*Second.*—It erred in holding that the part of

said fund belonging to the Union and Planters' Bank is taxable. Said bank is a banking corporation doing business in the city of Memphis, and hence is not liable for said taxes. Its liability, if it is liable at all, and the mode of assessment and taxation, is governed by Sec. 16, Chap. 1, of the Acts of April 30, 1897, and the Court should have so held.

*Third.*—It erred in holding that part of said funds belonging to the Mechanics' National Bank of New York is subject to said tax. Said bank is a nonresident corporation, and hence money or funds in course of collection in the Chancery Court of Shelby County, Tennessee, coming to it are not subject to taxation, and the Court erred in not so holding.

*Fourth.*—The Court erred in holding any of said funds taxable, they being *in custodia legis.* The Act of the Legislature whereunder said taxes are claimed, has no application to such fund, and in so far as said Act imposes a tax thereon, if it does so impose, the same is void.

*Fifth.*—The Court erred in holding that the portion of said fund which arose from the sale of real estate lying outside of the city of Memphis, was subject to said taxes which are claimed herein on behalf of the city.

*Sixth.*—The Court erred in holding that the portion of said funds belonging to the Mechanics' National Bank is subject to said tax. The Na-

Schoolfield *v.* Schoolfield, Hanauer & Co. and Bank *v.* Hodgson.

tional Banking Act, under which said bank is chartered, provides that shares of stock and the real estate may be taxed and forbids any other imposition of taxes.

The settlement of these questions depends upon a proper construction of the Acts of 1895, Chap. 120, Sec. 43, and Acts of 1897, Chap. 1, Sec. 35, the latter being a re-enactment of the former as follows, to wit:

"That persons acting as executors, administrators, guardians, agents, or attorneys, clerks of any Court, or in any fiduciary capacity whatever, shall make a return of the property, moneys, credits, and effects held or controlled by them in either of said capacities, separate from their individual returns, and the same shall be listed separately for taxation; provided, that every such trust estate shall be entitled to the same exemption as if owned by a single taxpayer."

The question presented in these records was before this Court in the case of *Carhart* v. *Jones,* 37 S. W. R., decided by the Court of Chancery Appeals at Knoxville. In that case it appeared that Carhart, a resident of New York, filed his bill in the Chancery Court of Knox County for the collection of certain notes due to him by defendant, Jones, and to enforce a vendor's lien on realty for their satisfaction. Under decree of the Court the realty was sold, and the Clerk and Master held purchase money notes. A petition

was filed in the cause on behalf of the city of Knoxville to tax said funds in the hands of the Clerk and Master. The Court of Chancery Appeals held, construing the Act in question, that they were not subject to taxation, which decision was orally affirmed in 1896 by this Court.

The Court of Chancery Appeals, referring to the Act, says: "The first contention is that the Act refers only to technical trust estates to be loaned out or invested for beneficiaries, and wherein the Court undertakes to manage the estate for them. The Act is broad enough in one view to cover almost any funds or effects. Two members are of opinion that it is not intended to include funds in Court in process of collection —in transitu, so to speak—but only such as are held, managed, and controlled by Clerks under the order of Court. And this view would seem to be sustained by the proviso that any such trust estate shall be entitled to the same exemption as if owned by a single taxpayer. The result of this would be, if strictly carried out, and if the clause as to exemption were enforced, that if, for instance, A, owning $2,000 of notes in Hamilton County, had returned $1,000 by himself there, and $1,000 returned by the Clerk of the Court in Knox County, where he had that amount for collection, and was allowed on his own return $1,000 exemption, and $1,000 allowed to the Clerk of the Court in Knox County, the entire prop-

erty would escape taxation. This would have to be so, or $1,000 of his $2,000 would be assessed in both counties, which could not have been intended."

We reaffirm this ruling and hold that this Act was not intended to reach funds which are merely in transit, but only such funds as are held and managed as trust funds to be loaned out or invested.

This intention, we think, is made manifest by the proviso to the Act which denominates it a trust estate and provides for one exemption, as if this trust estate were owned by a single taxpayer. The Legislature, by fixing one exemption, evidently viewed the trust estate intended to be taxed as belonging to one *cestui que trust* and not as having a multiplicity of ownership.

The decree in the Schoolfield case is affirmed, and that in the Union and Planters' Bank case is reversed.